JUSTICE RICE
dissenting.
¶25 The Court has engaged in a hypertechnical reading of the Montana Youth Court Act and created a loophole between that Act and SVORA where none should exist. While any lack of clarity in the Act has since been resolved by the Legislature’s amendment of § 46-23-502(7), MCA,[1] I do not believe those statutes ever allowed the result this Court reaches today.
¶26 The Court observes that “Hastings is not challenging the [District Court’s] authority to impose the registration requirement in the first instance.” ¶ 11. Oddly, the Court then addresses that precise issue and holds that the District Court had no such authority. ¶ 19. The Court’s analysis of the issue, whether appropriate or not, is flawed.
¶27 The Court acknowledges that a youth court can “bypass” SVORA’s general requirement of a conviction by requiring a youth adjudicated of a sexual offense to register in accordance with SVORA. However, the Court then reads SVORA in a way that allows only the youth court to order an adjudicated youth to register. I believe the District Court stood in the shoes of the youth court when supervisory responsibility was transferred and could thereby require Hastings to register pursuant to the youth court statutes, and thus SVORA. I see no basis to prohibit the District Court from ordering the same disposition allowed in youth court, and thus would hold that the District Court had authority to order Hastings to register pursuant to SVORA.
¶28 Because I believe the District Court had the authority to require registration, I also interpret those statutes as necessarily incorporating SVORA, thus requiring anyone registering under SVORA to do so on a lifetime basis. The sentencing order cannot be read in a vacuum to require registration only for the period of Hastings’ confinement-by ordering Hastings to register, the SVORA statutes were incorporated into the sentencing order and required lifetime registration. Indeed, the registration requirement goes beyond the length of Hastings’ *9 sentence because it is not a punishment, but rather a regulatory requirement that is allowed to continue. Mount, ¶ 56. When the District Court required registration, SVORA applied and lifetime registration was required.
¶29 Hastings is trying to find a loophole between the Montana Youth Court Act and SVORA where none exists but by the Court’s creation. Although the youth court chose not to order Hastings to register as a sex offender, when that option was exercised by the District Court it incorporated all of the SVORA requirements, including lifetime registration. Regardless of whether the District Court’s holding is considered to have occurred under the youth court act or under the adult sex offender statutes, SVORA applied, and the lifetime registration requirement applied with it.
¶30 I would affirm.

 Section 46-23-502(7), MCA, previously defined a “sexual or violent offender” as “a person who has been convicted of a sexual or violent offense.” That statute was amended by the 2007 Montana Legislature and now defines a “sexual or violent offender,” under § 46-23-502(10), MCA, as “a person who has been convicted of or, in youth court, found to have committed or been adjudicated for a sexual or violent offense.”